Judgment affirmed. See Opinion and Judgment Entry. [NADER] (FORD) (CHRISTLEY)
CRIMINAL LAW/CONSTITUTIONAL:
 The police were not required to administer Miranda
warnings to a juvenile before questioning him at his home because the juvenile was not yet in custody. After making an incriminating statement and being taken into custody, the police were then required to administer the warnings. After these warnings, the juvenile voluntarily waived his rights and continued making incriminating statements to the police.
 CRIMINAL LAW/EVIDENCE/SUFFICIENCY:
 The evidence, clearly showing the defendant acted with prior calculation and design, was sufficient to support the aggravated murder conviction. The defendant formed a coherent thought to kill the victim, selected a kitchen knife for his attack, exited the front of the house to sneak up behind the victim as she entered the back door, slashed her throat, took her inside, and tortured her for two hours before she died.
 CRIMINAL LAW/SEARCH SEIZURE:
 A juvenile court need not rule on a motion to suppress evidence from a bind-over proceeding. Such a motion, which raises a constitutional question, is premature, and has no place in the bind-over hearing, wherein the juvenile court does not adjudicate guilt or innocence, but merely decides whether to retain jurisdiction over the case.
JUVENILE:
 A juvenile accused of being delinquent by reason of the commission of a felony is not entitled to a court-appointed psychologist to help him determine if he should waive a Juv.R. 30 mental examination.
 There was sufficient evidence supporting the juvenile court's decision to bind-over the juvenile offender to the general division to be tried as an adult. The juvenile had several previous adjudications of delinquency, was repeatedly suspended and expelled from school, came from a highly dysfunctional family, and committed a heinous murder wherein he tortured his victim for two hours.